UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STEVE DELUCA**,

       Plaintiff,

vs.

Case No.
Hon.

**OLD DOMINION FREIGHT LINE, INC.**
a Virginia Corporation,

       Defendant.

---

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

---

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, STEVE DELUCA, by his attorneys, GASIOREK MORGAN, states the following for his Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC §621, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*

1

## PARTIES

2. Plaintiff, STEVE DELUCA, is an individual residing in Rochester Hills, Oakland County, Michigan.

3. Defendant, OLD DOMINION FREIGHT LINE, INC., is a Virginia Corporation authorized to and conducting business in Michigan and has a place of business in Troy, Oakland County, Michigan. At all relevant times, Defendant's resident agent and registered office are located in Plymouth, Wayne County, Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and has a place of business in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's ADEA claim under and pursuant to 28 USC §§1331 and 1343.

6. This Court has jurisdiction over Plaintiff's state law claim under and pursuant to 28 USC §1367.

7. On June 17, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued a Notice of Right To Sue on February 26, 2021. See **Exhibit A.**

9. Plaintiff has timely filed this Complaint within 90 days of receiving the EEOC's Notice of Right to Sue.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff's year of birth is 1954.

12. On or about March 24, 2004, Plaintiff began his employment with Defendant as a truck driver or "Pick-Up and Delivery Driver" ("truck driver").

13. Plaintiff, at all times, demonstrated that he was qualified for his position and qualified to retain his position as a truck driver.

14. Defendant, at all relevant times, allowed its truck drivers to take 10-minute breaks every four hours, not including a reasonable time to find an available and convenient break or rest area.

15. In April 2020, Michigan Governor Gretchen Whitmore had declared a state of emergency due to the Covid-19 pandemic and had

issued orders restricting access to places of public accommodations and buildings, including restaurants and public rest areas.

16. Such restrictions forced truck drivers, including Plaintiff, to make multiple stops in order to find an open restroom, gas station, rest stop, or repair facility for needed breaks while driving to complete necessary and essential deliveries.

17. On or about April 27, 2020, Defendant, suddenly and without any prior warning, terminated Plaintiff's employment.

18. During the termination meeting, which lasted approximately three minutes, Defendant informed Plaintiff that he was terminated allegedly for making too many unauthorized stops in April 2020 during the COVID-19 pandemic.

19. The additional stops that Plaintiff made while making essential deliveries during the state-wide shutdown and COVID-19 pandemic were made to locate an open restaurant or restroom or to locate a public rest area so that Plaintiff could check freight, handle phone calls from dispatch or customers, and/or do computer work such as GPS and mapping.

20. Prior to April 2020, Plaintiff had not received any written warnings or discipline for making too many unauthorized stops.

21. No written warnings for making too many stops and/or for making unauthorized stops are contained in Plaintiff's personnel file maintained by the Defendant.

22. Defendant terminated Plaintiff's employment without justification.

23. Upon information and belief, younger truck drivers were not disciplined or terminated for making similar additional stops and/or similar unauthorized stops.

24. Upon information and belief, Defendant selected other employees for termination on the basis of their older age.

25. The proffered reasons for termination are untrue and a pretext for discrimination.

26. Plaintiff was replaced by, and/or his former duties and responsibilities were assumed by, a younger individual.

27. Plaintiff's age was a factor in Defendant's decision to terminate his employment.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

28. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint.

29. Defendant is an "employer" as that term is defined in the ADEA.

30. As an employer, Defendant owed Plaintiff a duty pursuant to the ADEA not to discriminate against him with respect to employment, compensation or a term, condition or privilege of employment because of his age.

31. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

32. Defendant's discriminatory termination of Plaintiff because of his age was willful and deliberate.

33. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in the ADEA, Plaintiff suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus liquidated and/or

punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

34. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

36. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on his age.

37. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

38. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, STEVE DELUCA, by his attorneys, GASIOREK MORGAN, demands a trial by jury in this cause of action.

        Respectfully submitted,

**GASIOREK MORGAN**

BY:   /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

Dated: March 22, 2021