UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE DELUCA,

              Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC.,

              Defendant.

Case No. 2:21-cv-10637

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
MOTION FOR LEAVE TO AMEND THE COMPLAINT [16]**

Plaintiff Steve Deluca sought leave to amend the complaint. ECF 16. The proposed amended complaint alleged a Michigan Elliot-Larsen Civil Rights Act ("ELCRA") Retaliation claim, and added three individual defendants: Curtis Atkinson, David Steinert, and Tammy Bartter. ECF 16, PgID 183; ECF 16-2, PgID 197, 209–211. Defendant opposed the motion for leave. ECF 18. After reviewing the briefs, the Court will not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant in part and deny in part the motion to amend.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is filed, a party may only amend the pleading with the written consent of the opposing party or with leave of the Court. The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*,

1

371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

A proposed amendment is futile if the complaint could not survive a motion to dismiss. *Id.* As a result, the proposed amended complaint must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

The Court views the proposed amended complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the proposed amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

A proposed amended complaint will also not survive a motion to dismiss if the Court lacks personal jurisdiction over any new defendants. *See* Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction. *Neogen*

*Corp. v. Neo Gen Screening, Inc.* 282 F.3d 883, 887 (6th Cir. 2002). Without an evidentiary hearing, the Court considers "the pleadings and affidavits in a light most favorable" to the plaintiff and the plaintiff "need only make a prima facie showing of jurisdiction." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quotations omitted).

Because the present case involves a federal question, "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)) (alterations omitted). But when "the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.* (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 903 n.8 (2011) (listing Michigan as a state whose "long-arm provision[] allow[s] the exercise of jurisdiction subject only to a due process limitation").

## DISCUSSION

I. <u>ELCRA Retaliation Claim</u>

In the proposed amended complaint, Plaintiff sought to add an ELCRA retaliation claim against all Defendants. ECF 16-2, PgID 209–11. Defendant argued that the Court should deny leave based on futility. ECF 18, PgID 222–24.

3

The parties argued at length over whether evidence, such as emails released during discovery, support the ELCRA retaliation claim. ECF 18, PgID 220 (citing ECF 18-2, PgID 236); ECF 22, PgID 338–40 (citations omitted). But a futility analysis looks at the four corners of the amended complaint—not outside exhibits. *Iseman v. Werner*, No. 3:19-CV-365, 2020 WL 4674113, at \*4 (E.D. Tenn. Aug. 12, 2020) (collecting cases). To be sure, the Court cannot ordinarily consider matters beyond the complaint to resolve a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citation omitted). But "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

A prima facie ELCRA retaliation claim requires that Plaintiff show "(1) that he engaged in a protected activity; (2) that Defendant had knowledge of his protected conduct; (3) that Defendant took an adverse employment action towards him; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (cleaned up).

Defendant argued that Plaintiff's proposed amended complaint did not satisfy the first prong. ECF 18, PgID 223. Yet Plaintiff claimed his March 2020 letter to the Company's Human Resources Manager showed engagement in a protected activity. ECF 22, PgID 341 (reply brief stating that "Plaintiff engaged in a protected

4

activity (his March 2020 complaint to Bartter and Steinert)"); *see, e.g.*, ECF 16-2, PgID 200 (proposed amended complaint); ECF 18-2, PgID 236 (letter). The letter explained to Defendant's representatives that his supervisor had threatened to assault him and created a "macho" atmosphere in the workplace. ECF 18-2, PgID 236.

But the letter did not show that Defendant engaged in a protected activity. "ELCRA prohibits retaliation against an employee who has 'opposed a violation of [ELCRA].'" *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 472 (6th Cir. 2012) (alteration in original) (quoting Mich. Comp. Laws § 37.2701(a)). Prohibited acts under ELCRA require an underlying motive to discriminate based on an employee's "religion, race, color, national origin, age, sex, height, weight, or marital status." Mich. Comp. Laws § 37.2302(a); *see also* Mich. Comp. Laws § 37.2701(a). Although the letter detailed his supervisor's poor behavior, the letter does not detail that the poor behavior arose due to the supervisor's desire to discriminate against Plaintiff based on a protected status. *See* ECF 18-2, PgID 236. As a result, Plaintiff did not engage in a protected activity and the ELCRA retaliation claim would not survive a motion to dismiss. The Court will deny leave to amend the complaint to include the ELCRA retaliation claim based on futility.

II. New Defendants

Plaintiff also sought leave to add three Defendants in the amended complaint to the existing ELCRA age discrimination claim. ECF 16-2, PgID 207–09. Defendant argued that the Court would lack personal jurisdiction over Bartter and Steinert and

5

that the amended complaint therefore is futile. ECF 18, PgID 224–30. As for Atkinson, Defendant claimed that adding him as a defendant is in bad faith and dilatory. *Id.* at 230–32. The Court will address the personal jurisdiction argument first and then the remaining claims.

    A.    *Personal Jurisdiction over Bartter and Steinert*

Plaintiff argued that the Court has specific personal jurisdiction over Bartter and Steinert. ECF 22, PgID 341–42. Specific jurisdiction is proper when: (1) a party purposefully avails itself "of the privilege of acting in the forum state or causing a consequence in the forum state," (2) the cause of action arises from the party's activities in the forum state, and (3) the party's actions, or the consequences caused by the party's actions, created a "substantial enough connection" between the party and the forum state "to make the exercise of jurisdiction . . . reasonable." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016) (quotation omitted).

Both Bartter and Steinert live outside Michigan and, during the relevant time, held regional positions for Defendant's Great Lakes operations. ECF 18-3, PgID 238; ECF 18-4, PgID 242. Plaintiff affirmed that he has interacted with both Bartter and Steinert when they have traveled to Michigan for work and that he reported the alleged unfair and abusive treatment to both Bartter and Steinert. ECF 22-1, PgID 348. Plaintiff reported the allegations to Bartter and Steinert because Defendant's policy for reporting workplace complaints listed both as contacts. *Id.*; ECF 22-2, PgID 352–53. Besides the company policy, Bartter even gave her personal cell phone

6

number to Plaintiff so that he could contact her if he had concerns with his supervisors. ECF 22-1, PgID 348.

Bartter and Steinert have purposely availed themselves of Michigan law. After all, both were the managers tasked with overseeing employee complaints that arose in Michigan. ECF 22-2, PgID 352–53. Bartter even talked to Plaintiff in Michigan about reporting any complaints directly to her personal cell phone. *Id.* at 348. And the proposed amended complaint alleged that Bartter and Steinert worked with Atkinson—a Michigan supervisor—to develop a pretextual reason to fire Plaintiff. ECF 16-2, PgID 202–04. Bartter's and Steinert's conduct are far from some "random," "fortuitous," or "attenuated" contact with Michigan, and do not result from a "unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotations omitted). Instead, Bartter and Steinert oversaw the regional branch that Plaintiff worked in and had extensive contacts related to Plaintiff's Michigan employment. *See Neogen Corp.* 282 F.3d at 891 ("'[P]urposeful availment' is something akin to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan.") (quoting *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 153 (1978)). In sum, Bartter and Steinert purposely availed themselves of Michigan's laws.

Next, the ELCRA age discrimination claim, ECF 16-2, PgID 207–09, arises from Bartter's and Steinert's Michigan activities. Plaintiff need only show "a causal nexus between [] [D]efendant's contacts with the forum state and . . . [his] alleged

cause of action." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 506–07 (6th Cir. 2014) (citing *Burger King Corp.*, 471 U.S. 474). Here, Bartter told Plaintiff to reach out directly to her. ECF 22-1, PgID 348. And both Bartter and Steinert allegedly worked directly with Atkinson, who worked in Michigan, to conjure up a reason to fire Plaintiff. ECF 16-2, PgID 202–04; *see Harris v. Lloyds TSB Bank, PLC*, 281 F. App'x 489, 495 (6th Cir. 2008) ("Physical presence is not required; personal jurisdiction may exist over a defendant if he 'purposefully directs communications into the forum, and those communications form the heart of the cause of action.'") (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 617–18 (6th Cir. 2005)). Thus, the second prong of specific personal jurisdiction is met.

Last, requiring Bartter and Steinert to litigate the ELCRA claim in Michigan is reasonable. "If prongs one and two . . . are satisfied,"—as here—"then there is an inference that the reasonableness prong is satisfied as well." *Intera Corp.*, 428 F.3d at 618 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996)). The Court must weigh four factors to determine reasonableness: "(1) the burden on [] [D]efendant[s]; (2) the interest of the forum state; (3) [] [P]laintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Id.* (citing *CompuServe, Inc.*, 89 F.3d at 1268). Admittedly, there is some burden for Bartter and Steinert to defend the case in Michigan because neither live in Michigan. ECF 18-3, PgID 238; ECF 18-4, PgID 242. But the burden is lessened because Defendant was already planning to call them as witnesses, ECF 12, PgID 61, and they would likely need to be deposed and testify at trial. Beyond

8

that, their summary judgment and trial arguments will likely mirror Defendant's arguments because Defendant was their employer when the alleged ELCRA violation occurred and accordingly, Defendant is liable for their conduct. Even so, the remaining factors favor the Court exercising personal jurisdiction. Michigan has a strong interest in adjudicating its workers' state civil rights. And Plaintiff has a strong interest in litigating the claims against Bartter and Steinert in the same case as the claims against Defendant and Atkinson. In sum, because the Court has personal jurisdiction over Bartter and Steinert, the Court will grant Plaintiff leave to amend the complaint to add Bartter and Steinert as Defendants to the ELCRA age discrimination claim.

### B. *Dilatory and Bad Faith as to Atkinson*

Finally, adding Atkinson as a defendant for the ELCRA age discrimination claim is neither dilatory nor in bad faith. First, "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade*, 259 F.3d at 458–59 (quotation omitted). The case is less than a year old and Plaintiff moved to amend the complaint several months before the discovery deadline. *See* ECF 1; ECF 9. Indeed, the timing does not create "a situation where leave to amend is sought on the eve of trial after the discovery period has long passed." *Fortner v. Tecchio Trucking, Inc.*, No. 07-CV-243, 2008 WL 11452477, at *3 (E.D. Tenn. Nov. 10, 2008) (citations omitted); *cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834

(6th Cir. 1999) (affirming a denial for leave to amend after the "underlying facts were made a part of the complaint" and "the dispositive motion deadline had passed").

As for the claim that the amendment is in bad faith, Defendant has offered no evidence in support. *See* ECF 18, PgID 230–31. To the contrary, adding a defendant, like Atkinson, is common under ELCRA case law. *See Elezovic v. Ford Motor Co.*, 472 Mich. 408, 422 (2005) (holding that the ELCRA imposes individual liability if the person committing the discriminatory act was acting as an "'agent' of the employer") (citing Mich. Comp. Laws § 37.2201(a)). Because Defendant has shown no evidence of bad faith or harassment and because the amendment is not dilatory, the Court will allow Plaintiff to amend the complaint to add Atkinson as a defendant to the ELCRA age discrimination claim.

## CONCLUSION

Plaintiff must file the amended complaint no later than February 7, 2022. The parties recently submitted a stipulated order and requested that the Court extend the discovery deadline by forty-five days, and the dispositive motion deadline by seventy-five days, after the Court resolves the motion to compel, ECF 19. The Court will extend the deadlines now to provide the parties with more clarity. The new discovery deadline will be April 1, 2022 and the dispositive motion deadline will be May 1, 2022.

**WHEREFORE**, it is hereby **ORDERED** that the motion to amend the complaint [16] is **GRANTED IN PART AND DENIED IN PART**.

10

**IT IS FURTHER ORDERED** that Plaintiff must **FILE** the amended complaint **no later than February 7, 2022**.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** until **April 1, 2022** and the dispositive motion deadline is **EXTENDED** until **May 1, 2022.**

SO ORDERED.

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: January 31, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2022, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager