UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STEVE DELUCA**,

    Plaintiff,

vs.

Case No.  2:21-cv-10637
Hon.  Stephen J. Murphy III

**OLD DOMINION FREIGHT LINE, INC.**
a Virginia Corporation, **CURTIS ATKINSON,**
**TAMMY BARTTER, and DAVID STEINERT,**
Jointly and Severally,

    Defendants.

| GASIOREK MORGAN | JACKSON LEWIS P.C. |
|---|---|
| Donald J. Gasiorek (P24987) | Marlo J. Roebuck (P65640) |
| Angela M. Mannarino (P72374) | Blaine A. Veldhuis (P78840) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30500 Northwestern Hwy, Ste. 425 | 2000 Town Center, Ste. 1650 |
| Farmington Hills, MI  48334 | Southfield, MI 48075 |
| (248) 865-0001 | (248) 936-1900 (ofc) |
| (248) 865-0002 (fax) | (248) 936-1901 (fax) |
| dgasiorek@gmgmklaw.com | Marlo.Roebuck@jacksonlewis.com |
| amannarino@gmgmklaw.com | Blaine.Veldhuis@jacksonlewis.com |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, STEVE DELUCA, by his attorneys, GASIOREK MORGAN, states the following for his First Amended Complaint against Defendants:

1. This Amended Complaint asserts claims of employment discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

1

USC §621, *et seq.* and age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq*.

## PARTIES

2.  Plaintiff, STEVE DELUCA, is an individual residing in Rochester Hills, Oakland County, Michigan.

3.  Defendant, OLD DOMINION FREIGHT LINE, INC. (hereinafter "Defendant Company" or "Company"), is a Virginia Corporation authorized to and conducting business in Michigan and has a place of business in Troy, Oakland County, Michigan. At all relevant times, Defendant Company's resident agent and registered office are located in Plymouth, Wayne County, Michigan.

4.  Defendant, Curtis Atkinson (hereinafter "Atkinson"), upon information and belief, is an individual residing and/or working and conducting business in Oakland County, Michigan.

5.  Defendant, Tammy Bartter (hereinafter "Bartter"), upon information and belief, is an individual residing in Columbus, Franklin County, Ohio and conducts business activities in Michigan. Defendant Bartter, at all relevant times, is Defendant Company's Regional Human Resources ("HR") Development Manager for the Great Lakes Region.

6.  Defendant, David Steinert (hereinafter "Steinert"), upon information and belief, is an individual residing in Harrisburg, Dauphin County, Pennsylvania

2

and conducts business activities in Michigan. Defendant Steinert, at all relevant times, is the Vice President of Defendant Company's Great Lakes Region.

7. At all relevant times throughout this cause of action, the individual Defendants, Atkinson, Bartter, and Steinert, were authorized to make personnel decisions and recommendations concerning the discipline and termination of the Company's employees, including truck drivers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants because Defendants conduct business on a regular and systematic basis in the Eastern District of Michigan and Defendant Company has a place of business in the Eastern District of Michigan.

9. This Court has jurisdiction over Plaintiff's ADEA claim under and pursuant to 28 USC §§1331 and 1343.

10. This Court has jurisdiction over Plaintiff's state law claims under and pursuant to 28 USC §1367.

11. On June 17, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC issued a Notice of Right To Sue on February 26, 2021.

13. Plaintiff timely filed his initial Complaint *(ECF No. 1)* within 90 days of receiving the EEOC's Notice of Right to Sue.

3

14. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

15. Plaintiff's year of birth is 1954.

16. On or about March 24, 2004, Plaintiff began his employment with Defendant Company as a truck driver or "Pick-Up and Delivery Driver" ("truck driver").

17. Plaintiff, at all times, demonstrated that he was qualified for his position and qualified to retain his position as a truck driver.

18. Defendant Company, at all relevant times, allowed its truck drivers to take 10-minute breaks every four hours, not including a reasonable time to find an available and convenient break location or rest area.

19. In September 2019, Defendant Company hired Defendant Atkinson as the terminal manager or "SVC Manager" for the Company's Detroit Michigan Service Center.

20. As SVC Manager, Defendant Atkinson supervised or oversaw the performance and discipline of Plaintiff and other truck drivers and employees working at the Company's Detroit Michigan Service Center.

21. After his hire, Atkinson began to inquire when Plaintiff would retire.

4

22. Plaintiff responded to Atkinson that he was unsure when he would retire.

23. Defendant Atkinson then began to threaten and harass Plaintiff and treat him differently and more harsh than similarly situated younger employees.

24. Plaintiff objected to Atkinson's abusive, unfair, and discriminatory treatment; and in March 2020, he sent a letter to the Company's regional HR manager, Bartter, and to the Company's regional vice president, Steinert, regarding Atkinson's mistreatment (hereinafter "Plaintiff's complaint").

25. Defendants Bartter and Steinert did not contact or question Plaintiff about his complaint.

26. Defendant Steinert, however, did communicate with Defendant Atkinson about their (Steinert and Atkinson's) desire that Plaintiff retire.

27. Defendant Bartter also contacted Defendant Atkinson about Plaintiff's complaint. Such contact occurred on or about Friday, April 17, 2020.

28. Defendants Atkinson, Steinert, Bartter and/or other Company employees or HR representatives conspired to subject Plaintiff to unfair, unreasonable, and fraudulent disciplinary action.

29. Defendants Atkinson, Steinert, and Bartter immediately set out to aid, abet, incite, and/or compel Defendant Company to discriminate against Plaintiff because of his age, including terminating his employment because of his age.

5

Atkinson and Steinert supported the decision to terminate Plaintiff's employment, and Bartter approved the termination.

30. Specifically, on Friday, April 17, 2020 (the same day that Bartter conferred with Atkinson about Plaintiff's complaint), Defendant Atkinson informed Steinert that he (Atkinson) would spend the weekend at his computer to find reasons to terminate Plaintiff's employment and would provide Steinert with a summary of his findings by Monday, April 20, 2020.

31. In April 2020, Michigan Governor Gretchen Whitmer had declared a state of emergency due to the Covid-19 pandemic and had issued orders restricting access to places of public accommodations and buildings, including restaurants and public rest areas (hereafter "state-wide shutdown").

32. Such restrictions forced truck drivers, including Plaintiff, to make multiple stops in order to find an open restroom, gas station, rest stop, or repair facility for needed breaks while driving to complete necessary and essential deliveries.

33. On Monday, April 20, 2020, during the Covid-19 state-wide shutdown when truck drivers were having difficulty finding open public rest areas or break locations, Defendant Atkinson emailed Defendant Steinert that he (Atkinson) found times when Plaintiff had made unnecessary stops.

34.	Defendant Atkinson further informed Defendant Steinert that he wanted to look further to make the termination reason air tight; Steinert responded and emailed Atkinson not to wait too long.

35.	On Thursday, April 23, 2020, Defendant Steinert instructed Defendant Atkinson to send him whatever Atkinson had found on Plaintiff, that Defendant Bartter was preparing a "Termination Summary", and that he (Steinert) did not want to wait any longer.

36.	The next day, April 24, 2020, Defendant Atkinson sent Defendant Steinert a spreadsheet which listed ignition events and stops (i.e., Speedway gas station) made by Plaintiff's truck that purportedly were not a break location.

37.	On April 24, 2020, Defendant Bartter finalized her "Termination Summary" ("Termination Summary") and listed three dates (April 16, 2020, April 22, 2020, and April 23, 2020) that Plaintiff had made multiple stops during the state-wide shutdown when truck drivers, like Plaintiff, experienced difficulty finding open public rest areas or break locations.

38.	The "Termination Summary" stated that the "multiple stops" made by Plaintiff during the Covid-19 state-wide shutdown were considered a falsification of Company records.

39.	The "multiple stops" listed in the "Termination Summary" were the only facts identified as "facts leading to termination".

7

40. The "Termination Summary" prepared by Defendant Bartter further identified "previous discipline" issued to Plaintiff.

41. The only "previous discipline" listed in the "Termination Summary" was a "verbal EPR" or verbal warning issued to Plaintiff a year earlier, on March 12, 2019, for being unprofessional and using profanity (hereafter "verbal EPR").

42. However, in April 2019 (a year earlier), the verbal EPR had been deleted and removed from Plaintiff's file after an investigation revealed that Plaintiff was correct; the verbal EPR was not justified.

43. Defendants, specifically Defendant Bartter, knew the verbal EPR had been removed and deleted from Plaintiff's file when she prepared the "Termination Summary" and listed it as "previous discipline".

44. Defendants' statements, specifically Defendant Bartter's statements, contained in the "Termination Summary" were misleading and/or false.

45. Defendants' statements made and contained in the "Termination Summary" were unreasonable, arbitrary, and capricious.

46. Defendants, during the Covid-19 state-wide shutdown, had clearly subjected Plaintiff to performance standards that were more strict and demanding than those established for younger truck drivers.

47. Defendant Bartter forwarded her "Termination Summary" to the Company's Corporate Director or Vice President of Human Resources.

48. The following Monday, April 27, 2020, Defendant Company, suddenly and without any prior warning, terminated Plaintiff's employment.

49. During the termination meeting which lasted approximately three minutes, Defendant Atkinson informed Plaintiff that Plaintiff was terminated allegedly for making too many unauthorized stops in April 2020 during the COVID-19 pandemic and state-wide shutdown.

50. Plaintiff, in response, explained that the additional stops he made while making essential deliveries during the state-wide shutdown and COVID-19 pandemic were made to locate an open restaurant or restroom or to locate a public rest area so that Plaintiff could check freight, handle phone calls from dispatch or customers, and/or do computer work such as GPS and mapping.

51. Prior to April 2020, Plaintiff had not received any written warnings or discipline for making too many unauthorized stops.

52. No written warnings for making too many stops and/or for making unauthorized stops are contained in Plaintiff's personnel file maintained by the Defendant Company.

53. Defendant Company terminated Plaintiff's employment without justification.

54. Upon information and belief, younger truck drivers were not disciplined or terminated for making similar additional stops and/or similar unauthorized stops.

55. Upon information and belief, Defendants selected other employees for termination on the basis of their older age.

56. The proffered reasons for termination are untrue and a pretext for discrimination.

57. Plaintiff was replaced by, and/or his former duties and responsibilities were assumed by, a younger individual.

58. Plaintiff's age was a factor in Defendants' decision to terminate his employment.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

59. Plaintiff repeats and incorporates by reference each and every paragraph of this First Amended Complaint as though fully set forth herein verbatim.

60. Defendant Company is an "employer" as that term is defined in the ADEA.

61. As an employer, Defendant Company owed Plaintiff a duty pursuant to the ADEA not to discriminate against him with respect to employment, compensation or a term, condition or privilege of employment because of his age.

62. Defendant Company violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

63. Defendant Company's discriminatory termination of Plaintiff because of his age was willful and deliberate.

64. As a direct and proximate result of Defendant Company's intentional violation of Plaintiff's civil rights, as set forth in the ADEA, Plaintiff suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant, Old Dominion Freight Line, Inc, for money damages in whatever amount is shown to be established by the proofs of this case, plus liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

65. Plaintiff repeats and incorporates by reference each and every paragraph of this First Amended Complaint as though fully set forth herein.

66. At all times relevant herein, Plaintiff was an employee and Defendants satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

67. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on his age.

68. Defendants violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

69. As a direct and proximate result of Defendants' discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants, jointly and severally, in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

Respectfully submitted,

**GASIOREK MORGAN**

BY:   /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
ANGELA M. MANNARINO (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com
amannarino@gmgmklaw.com

Dated: February 3, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 3 day of February 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record at the e-mail addresses disclosed on the pleadings.

*/s/ Randi Donegan*

13